Andrea L. D'Ambra – N.J. Attorney ID No. 045412004
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York  10019
Telephone:     (212) 318-3000
Facsimile:      (212) 318-3400
andrea.dambra@nortonrosefulbright.com
*Attorneys for Defendants*
*Six Flags Great Adventure, LLC and Six Flags Entertainment Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAAKOV A. KATZ, individually and on behalf of a class,<br><br>                   Plaintiff,<br><br>          v.<br><br>SIX FLAGS GREAT ADVENTURE, LLC and SIX FLAGS ENTERTAINMENT CORPORATION,<br><br>                   Defendants. | Civil Action No. 3:18-cv-116<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441(b), 1446, 1453, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d), Defendants Six Flags Great Adventure, LLC ("Great Adventure") and Six Flags Entertainment Corporation ("SFEC") (collectively, "Defendants" or "Six Flags"), by and through their undersigned counsel, Norton Rose Fulbright US LLP, hereby provide notice that they remove the civil action styled *Katz v. Six Flags Great Adventure, LLC et al.,* Docket No. OCN-L-003289-17 (the "State Court Action"), from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Six Flags respectfully states as follows:

## I.    INTRODUCTION[1]

1.    This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1453, in that: (1) Plaintiff's sole cause of action raises disputed federal questions "arising under" the laws of the United States; and, additionally (2) it is an action in which any member of the putative plaintiff class is a citizen of a state different than any defendant, the members of all proposed plaintiff classes exceed 100, and the aggregate amount in controversy exceeds $5,000,000.

2.    Venue properly lies in the United States District Court for the District of New Jersey because the State Court Action was pending in the Superior Court of New Jersey, Law Division, Ocean County, and the United States District Court for the District of New Jersey is the federal judicial district embracing Ocean County, which is the county where the State Court Action was originally brought.  *See* 28 U.S.C. §§ 110, 1441(a), 1446(a).

## II.    STATE COURT ACTION

3.    On November 30, 2017, Plaintiff Yaakov A. Katz ("Plaintiff") filed the State Court Action against Six Flags.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint filed in the State Court Action, along with all process, pleadings, and orders served upon Six Flags in the State Court Action, are attached as Exhibits A[2] and B[3].

4.    Plaintiff served the Complaint on Great Adventure's registered agent on December 6, 2017 and SFEC's registered agent on December 11, 2017.

---

[1]    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal provides a short and plain statement of the grounds for removal.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  As recently explained by the Supreme Court, such notices need only include plausible allegations that the jurisdictional requirements are met; evidence supporting the allegations is required only if the plaintiff contests or the Court questions the allegations.  *Id.* at 553-54.

[2]    Exhibit A consists of the following papers served upon Great Adventure:  (1) Civil Action Summons; (2) Track Assignment Notice;  (3) Civil Case Information Statement; and (4) Class Action Complaint.

[3]    Exhibit B consists of the following papers served upon SFEC:  (1) Civil Action Summons; (2) Track Assignment Notice;  (3) Civil Case Information Statement; and (4) Class Action Complaint.

5.      The sole claim advanced is Six Flags' alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681 *et seq.*[4]  Plaintiff seeks statutory damages, punitive damages, and pre- and post-judgment interest, attorneys' fees, and costs on behalf of a putative national class. *See* Compl. ¶ 73.  Plaintiff generally alleges that Six Flags violated credit and debit card truncation requirements set out in Section 1681c(g)(1) of FACTA.  *See* Compl. ¶¶ 56-72.

6.      The putative class that Plaintiff seeks to represent is composed of and defined as follows:  "All persons in the United States who used either a debit or credit card at any of Defendants' locations and were provided an electronically printed receipt at the point of sale or transaction by any Defendant showing more than the last five digits of that person's credit or debit card number for a time period beginning November 5, 2012 until the date of the class is certified."  Compl. ¶ 45.

## III.    FEDERAL QUESTION

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

8.      Plaintiff's sole cause of action is an alleged violation of FACTA.  *See* Compl. ¶¶ 56-72.  Therefore, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

---

[4]    For the purpose of this Notice of Removal only, Six Flags assumes the truth of the allegations and cause of action set forth in the Complaint.  Six Flags denies that it has any liability to Plaintiff or the class he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the relief requested in the Complaint.  Six Flags also submits that this action does not satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

## IV.    CLASS ACTION FAIRNESS ACT

9.      Additionally, this Court has jurisdiction over this action pursuant to CAFA, which expanded Federal Court jurisdiction over, and permits removal to Federal Court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class.   *See* 28 U.S.C. §§ 1441(a), 1453.   CAFA permits removal of class actions filed in state court where:  (1) any member of the putative plaintiff class is a citizen of a state different than any defendant (28 U.S.C. § 1332(d)(2)(a)); (2) the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332(d)(2)).   Each of those elements exist here.

### A.    *Minimal Diversity*

10.     In the Complaint, Plaintiff does not allege his state of citizenship.   However, Plaintiff's proposed class includes "[a]ll persons in the United States" who "were provided with an electronically printed receipt" that contained "more than the last five digits of that person's credit or debit card number."   Compl. ¶ 45.   SFEC, by and through its various subsidiaries, operates 17 theme parks across the United States, with only two locations in New Jersey.   *See* Ex. C (SFEC, Form 10-Q, Commission File No. 1-13703 (July 26, 2017)), at 9 ("Of the 20 parks [SFEC] currently own[s] or operate[s], 17 parks are located in the United States, two are located in Mexico and one is located in Montreal, Canada.")[5]; Ex. D (SFEC, Form 10-K, Commission File No. 1-13703 (Feb. 23, 2017)), at 2 (listing park locations)[6].   Accordingly, it is certain that the vast majority of members in the proposed class were visiting locations outside the State of

---

[5]    *Available at* http://otp.investis.com/clients/us/sixflags1/SEC/sec-outline.aspx?FilingId=12190742&Cik=0000701374&PaperOnly=0&HasOriginal=1 (last visited on January 4, 2018).

[6]    *Available at* http://otp.investis.com/clients/us/sixflags1/SEC/sec-outline.aspx?FilingId=11879228&Cik=0000701374&PaperOnly=0&HasOriginal=1 (last visited on January 4, 2018).

New Jersey and includes a substantial number of citizens of states other than the State of New Jersey.

11.    For diversity purposes, under CAFA, a limited liability company is a citizen of the state of its incorporation and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(d)(10).  Great Adventure is a New Jersey limited liability company with its principal place of business in New Jersey.  Because at least one member from Plaintiff's proposed putative class will include citizens of a state other than the State of New Jersey and Great Adventure is a citizen of the State of New Jersey, the parties are minimally diverse under 28 U.S.C. § 1332(d)(2)(A).

**B.**    *Numerosity*

12.    CAFA provides federal jurisdiction over class actions with at least 100 members of the putative class.  Plaintiff purports to represent a class of persons that is nationwide in scope and alleges that there are "hundreds, if not thousands of persons who meet the class definition[.]" Compl. ¶ 48.

**C.**    *Amount in Controversy*

13.    To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000.  *See* 28 U.S.C. § 1332(d).  Although Six Flags disputes Plaintiff's entitlement to any remedy or damages in any amount, in light of Plaintiff's allegations, the amount in controversy exceeds the $5,000,000 monetary threshold.

14.    Where, as here, a complaint does not specify the amount of damages sought, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional" amount in controversy threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(B).

15.     Plaintiff seeks to recover for himself and on behalf of a putative national class statutory damages, punitive damages, and pre- and post-judgment interest, attorneys' fees, and costs.  *See* Compl. ¶ 73.

16.     The purported statutory damages alone aggregate to exceed $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Section 1681n(a)(1)(A) of FACTA, under which Plaintiff seeks relief, permits recovery of statutory damages "of not less than $100 and not more than $1,000" per person for a willful violation.  During the alleged class period—defined as November 5, 2012 until the date the class is certified—more than 50,000 persons made payments at United States park locations using credit or debit cards, and therefore, based on a potential statutory damages award of $100 per person, the amount being sought by Plaintiff exceeds the $5,000,000 monetary threshold for the amount in controversy.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

17.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Six Flags is filing this Notice of Removal within thirty (30) days of service of the Complaint, which was effected on Great Adventure's registered agent on December 6, 2017 and SFEC's registered agent on December 11, 2017.

18.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Six Flags in the State Court Action are being filed with the Court contemporaneously with this Notice of Removal, as Exhibits A and B.

19.     Pursuant 28 U.S.C. § 1446(d), Six Flags is providing written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, to Plaintiff's counsel of record and the Clerk of the Superior Court of Ocean County, New Jersey, in the form of notice annexed hereto as Exhibit E.

20.     By filing this Notice of Removal, Six Flags does not waive any defenses available to it at law, in equity, or otherwise.

21.     The undersigned counsel for Six Flags has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## VI.    CONCLUSION AND PRAYER

WHEREFORE, Six Flags respectfully request that the above-referenced civil action now pending against it in the Superior Court of New Jersey, Law Division, Ocean County, be removed to this Honorable Court.

Dated: January 4, 2018

NORTON ROSE FULBRIGHT US LLP


By:     */s/ Andrea L. D'Ambra*
        Andrea L. D'Ambra

1301 Avenue of the Americas
New York, New York  10019
Telephone:     (212) 318-3000
Facsimile:     (212) 318-3400
andrea.dambra@nortonrosefulbright.com

*Attorneys for Defendants*
*Six Flags Great Adventure, LLC and*
*Six Flags Entertainment Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2018, a true and correct copy of the foregoing Notice of Removal was filed via CM/ECF and served upon all counsel of record.

/s/ Andrea L. D'Ambra
Andrea L. D'Ambra