UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------x

| | |
|---|---|
| YAAKOV A. KATZ, individually and on behalf of a class, | Civil Action No. 3:18-cv-00116-FLW-DEA |
| | Hon. Freda L. Wolfson |
|                  Plaintiff, | **MOTION DATE: March 5, 2018** |
|    v. | |
| SIX FLAGS GREAT ADVENTURE, LLC; SIX FLAGS ENTERTAINMENT CORPORATION | Oral Argument Requested |
|                  Defendants. | |

-------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
*Attorney for Plaintiffs*

*On the brief:*
Ryan Gentile, Esq.

**TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………………………..i

TABLE OF AUTHORITIES………………………………………………………….………….ii

INTRODUCTION ........................................................................................................... 1

LEGAL ARGUMENTS................................................................................................... 1

POINT I - REMAND IS REQUIRED WHERE FEDERAL JURISDICTION IS FOUND TO BE LACKING OVER A REMOVED CASE .............................................................. 1

POINT II - DEFENDANTS' ARGUMENT THIS COURT SHOULD DISMISS THIS MATTER BECAUSE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR A FACTA VIOLATION IS INCORRECT .................................................. 3

POINT III - DEFENDANTS' PUBLIC POLICY ARGUMENTS DO NOT DEMONSRATE THAT DISMISSAL RATHER THAN REMAND IS APPROPRIATE................................................................................................................ 5

    A.  Defendants Repeat The Same Faulty "Futility" Argument Against Remand............... 5

    B.  Defendants' Remaining Arguments Do Not Establish That Dismissal Rather Than Remand Is Appropriate ................................................................................ 6

    C.  Defendants Misrepresent the Clear and Unambiguous Meaning of FACTA Violations. ........................................................................................................................ 8

CONCLUSION ............................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Abulkhair v. Liberty Mut. Ins. Co.,
   379 F. App'x 130 (3d Cir. 2010) ................................................................................ 4

Barnes v. Aryzta, LLC,
   2017 WL 6947882 (N.D. Ill. Dec. 20, 2017) .............................................................. 1

Batoff v. State Farm Ins. Co.,
   977 F.2d 848 (3d Cir. 1992) ...................................................................................... 4

Black v. Main St. Acquisition Corp.,
   2013 WL 1295854 (N.D.N.Y Mar. 27, 2013) ........................................................... 8

Brahamsha v. Supercell Oy,
   2017 WL 3037382 (D.N.J. July 17, 2017) ............................................................ 3, 7

Broderick v. 119TCbay, LLC,
   670 F.Supp 2d. 612 (W.D. Mich. 2009) ................................................................... 4

Bromwell v. Michigan Mut. Ins. Co.,
   115 F.3d 208 (3d Cir. 1997) ............................................................................. 3, 7, 8

Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y.,
   58 N.J. 98 .................................................................................................................. 6

Gesten v. Burger King Corp.,
   2017 WL 4326101 (S.D. Fla. Sept. 27, 2017) ........................................................... 4

Giordano v. Wachovia Securities, LLC,
   2006 WL 2177036 (D.N.J. July 31, 2006) ............................................................ 2, 4

Hendrick v. Aramark Corp.,
   263 F. Supp. 3d 514 (E.D. Pa. 2017) .................................................................... 4, 5

Inter'l Primate Protection League v. Adminstrators of Tulane Educ. Fund,
   500 U.S. 72 (1991) .................................................................................................... 2

Katz v. Donna Karan Co., LLC
   872 F.3d 114 (2d Cir. 2017) ...................................................................................... 4

Mocek v. Allsaints USA Ltd.
   220 F. Supp. 3d 910 (N.D. Ill. 2016) ..................................................................... 1, 2

New Jersey Citizen Action v. Riviera Motel Corp.,
    296 N.J. Super. 402 (App. Div. 1997) ................................................................................... 6

Parker v. J. Crew Group, Inc.,
    2017 WL 6892919 (D.N.J. Dec. 8, 2017) .............................................................................. 7

Parker v. J. Crew Group Inc.,
    2018 WL 385033 (D.N.J. Jan. 11, 2018) ............................................................................... 7

Stubaus v. Whitman,
    339 N.J. Super. 38 (App. Div. 2001) ..................................................................................... 6

Tafflin v. Levitt,
    493 U.S. 455 (1990) ............................................................................................................... 6

Tarr v. Burger King Corp.,
    2017 WL 318447 (S.D. Fla. Jan. 5, 2018) ............................................................................. 4

**Statutes**

15 U.S.C. § 1681c(g) ................................................................................................................. 1

15 U.S.C. § 1681c(g)(1) ............................................................................................................ 8

28 U.S.C. § 1332(d) .................................................................................................................. 2

28 U.S.C. § 1447(c) ................................................................................................. 1, 2, 3, 4, 5, 7

**Other Authorities**

149 Cong. Rec. H8122-02 .......................................................................................................... 9

154 Cong. Rec. H00000-29 ........................................................................................................ 9

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 3, 4, 7

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 4, 5

INTRODUCTION

Six Flags Great Adventure, LLC and Six Flags Entertainment Corporation (collectively "Six Flags" or "Defendants") assert in their Motion to Dismiss (Doc. No. 4) that Plaintiff, Yaakov A. Katz ("Plaintiff" or "Mr. Katz"), lacks Article III standing to bring his claim under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), and thus, that this Court lacks jurisdiction. However, while Defendants argue that this Court lacks jurisdiction in their motion to dismiss, they simultaneously argue that their removal of the matter from state court was proper and that Court should hold jurisdiction (that they argue in their motion to dismiss does not exist) just long enough to dismiss Mr. Katz's Complaint based on their interpretation of Congress's intent in passing FACTA.  This Court must avoid Defendants' procedural gymnastics because when a federal court does not have jurisdiction over a case removed from state court, remand is the only outcome. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

LEGAL ARGUMENTS

POINT I

REMAND IS REQUIRED WHERE NO FEDERAL JURISDICTION

The Courts in Mocek v. Allsaints USA Ltd., 220 F. Supp. 3d 910 (N.D. Ill. 2016) and Barnes v. Aryzta, LLC, 2017 WL 6947882 (N.D. Ill. Dec. 20, 2017) confirm that Defendants, being the party who removed this matter to federal court, had a duty consider the Article III standing issue when they chose to remove the action to this Court. But by moving to dismiss this action for lack of jurisdiction only seven days after removing the matter, Defendants were negligent in said duty.

1

Although Defendants argue that they have a "right" to try and remove using the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), whether this matter was properly removed using the CAFA procedural measure to this Court by Defendants is irrelevant to the issue of whether Article III standing exists. A proper basis for removal under CAFA, or any other basis for that matter, does not simultaneously and automatically establish Article III standing. Rather, Article III standing issues must be considered both before (by the removing party) and after removal (by the Court). "A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) (quoting Frederico v. Home Depot, 507 F.3d 188, 193 (3rd Cir. 2007)); *see also* Morgan v. Gay, 471 F.3d 469, 473 (3rd Cir. 2006), cert. denied, 552 U.S. 940 (2007). By now asserting that the Court lacks jurisdiction in their Motion to Dismiss (Doc. No. 4), not only has Six Flags failed to meet that burden, it has completely abdicated it. And when a removing party fails to meet its burden, the case "shall be remanded" back to state court. *See* 28 U.S.C. § 1447(c); Samuel–Bassett, 357 F.3d at 396; Wheeler v. Travelers Ins. Co., 22 F.3d 534, 540 (3d Cir. 1994) (without Article III standing the matter must be remanded); Giordano v. Wachovia Securities, LLC, 2006 WL 2177036, at *5 (D.N.J. July 31, 2006); Inter'l Primate Protection League v. Adminstrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991) (the language of section 1447(c) is mandatory – once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court) (emphasis added).

Defendants' arguments that they properly removed this matter to federal court simply are not relevant to the ultimate issue of whether they have met their burden of establishing Article III standing. Even if removal was proper, that does not mean that Six Flags has met their burden of establishing standing. Further, federal courts "should interpret the removal statute narrowly and

presume that the plaintiff may choose his or her forum." Mocek, 220 F. Supp. 3d at 912-13. Here, Plaintiff chose the forum of New Jersey state court. As such, this matter should be remanded back to the court chosen by Plaintiff.

## POINT II

### DEFENDANTS' ARGUMENT THAT THIS COURT SHOULD DISMISS THIS MATTER BECAUSE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR A FACTA VIOLATION IS INCORRECT

Defendants' entire argument in opposition to remanded is based on the faulty "futility exemption theory". The Supreme Court, the Third Circuit Court of Appeals, and Your Honor have all expressly rejected any "futility" exception to § 1447(c). As your Honor previously held in Brahamsha v. Supercell Oy, 2017 WL 3037382 (D.N.J. July 17, 2017), "Remand is not discretionary on the part of the Court; it is mandatory under 28 U.S.C. §1447(c) **even if remanding to state court may be futile**." Id., at *3 (emphasis added) (citing Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) ("In light of the express language of § 1447(c) and the Supreme Court's reasoning in International Primate, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.") Here, both parties agree there is no Article III standing (but for different reasons), and therefore remand without consideration of dismissal is the appropriate action by this Court.

Defendants' merits argument also fails because a Court must first fulfill its independent obligation to examine its own jurisdiction, including the jurisdictional element of standing before it may rule on the merits of any matter. Contrary to Defendants' assertions, Plaintiff never argued in their Motion for Remand that because federal courts have dismissed similar FACTA matters under Rule 12(b)(1), that this Court should not make substantive rulings in this case. Plaintiff's argument is that if there is no Article III standing in this matter – and both parties agree there isn't, albeit for different reasons – then Third Circuit precedent holds that this Court would not have

jurisdiction to make any such rulings. *See* Abulkhair v. Liberty Mut. Ins. Co., 379 F. App'x 130, 132 (3d Cir. 2010) (reversing district court's dismissal of complaint with prejudice and requiring "the District Court [to] enter an order under 28 U.S.C. § 1447(c) remanding the matter to state court for lack of subject matter jurisdiction"); Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (finding "[t]he district court erred in converting its jurisdictional inquiry into a motion to dismiss" and remanding to state court); Giordano, 2006 WL 2177036, at *5 n.6 (noting the court "need not discuss the other arguments raised . . . in its motion to dismiss" as they were moot once the court determined plaintiff lacked standing and remanding to state court).

The case law cited by Defendants in their Opposition (Doc. No. 14 pg. 6-8) does not advance their arguments that dismissal on the merits is appropriate but instead actually advances Plaintiff's arguments that once a court decides that standing is lacking, no further merits rulings are to be made. In Broderick v. 119TCbay, LLC, 670 F.Supp 2d. 612 (W.D. Mich. 2009) the merits of the claim were ruled on because the matter was initially filed in federal court and Article III standing was never challenged or in issue. In Kamal v. J. Crew Grp. Inc., 2017 WL 2587617 (D.N.J. June 14, 2017), Katz v. Donna Karan Co., LLC 872 F.3d 114 (2d Cir. 2017), Tarr v. Burger King Corp., 2017 WL 318447 (S.D. Fla. Jan. 5, 2018), and Gesten v. Burger King Corp., 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017), the Courts never reviewed the merits of the underlying FACTA violations. Each of those cases only involved dismissal motions under Rule 12(b)(1), and the Courts dismissed the matters for lack of Article III standing.

Defendants' own position that this Court should review the merits of their Rule 12(b)(6) argument that they didn't violate FACTA is betrayed by their citation to Hendrick v. Aramark Corp., 263 F. Supp. 3d 514 (E.D. Pa. 2017). In Hendrick, the defendant (like Six Flags did in this matter) filed a motion to dismiss under Rule 12(b)(6) and Rule 12(b)(1). The Hendrick court,

4

following Third Circuit precedent cited above, first decided the issue of standing, and then after deciding that the plaintiff lacked Article III standing to bring the FACTA claim, dismissed the case and never ruled on or considered the Rule 12(b)(6) portion of the defendant's motion. The Rule 12(b)(6) portion was moot given the court did not have the jurisdiction to make any substantive rulings on the Rule 12(b)(6) portion of the defendant's motion to dismiss in Hendrick.

Regardless, even if this Court were to reach the merits, which it should not, as demonstrated more fully in Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. No. 12 pgs. 14-22), Plaintiff has sufficiently alleged a willful violation of FACTA.

## POINT III

## DEFENDANTS' PUBLIC POLICY ARGUMENTS DO NOT DEMONSTRATE THAT DISMISSAL RATHER THAN REMAND IS APPROPRIATE

### A. Defendants Repeat The Same Faulty "Futility" Argument Against Remand.

Defendants argue that because "Plaintiff cannot plausibly allege he was injured and where the circumstances of the incident show that no risk of present or future harm is possible, remand is not warranted" (Doc No. 14 p. 11). This above argument is a mere repeat of the same "futility" arguments discussed above, namely that this matter should be dismissed rather than remanded because any remand would be futile. This "futility" argument by Six Flags is meritless because as discussed above, the Supreme Court, the Third Circuit Court of Appeals, and Your Honor have all expressly rejected any "futility" exception to § 1447(c). Defendants' argument in their Opposition that New Jersey state courts, although not bound by Article III standing requirements, would likely find that Plaintiff did not suffer any injury does not demonstrate that dismissal rather than remand is appropriate. Defendants prediction theory, i.e., the theory that because they (not surprisingly) predict a state court will rule in their favor, and therefore this matter should be dismissed rather than remanded is meritless and supported by no case law. Furthermore, their argument fails

5

because it again circles back to the same faulty "futility" argument that is not applicable in the Third Circuit, which clearly mandates remand even if a matter would be "futile".

Additionally, the Stubaus v. Whitman, 339 N.J. Super. 38 (App. Div. 2001) case that Defendants cite contradicts their entire futility argument that a state court would not find standing. Stubaus states, "We interpret the issue of standing broadly and will not limit the doctrine to the "case or controversy" requirement of the United States Constitution." Id. at 48. Remand would not be "futile" because New Jersey has its own body of case law it relies on to determine standing. In fact, "New Jersey cases have historically taken a much more liberal approach on the issue of standing than have the federal cases." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 101(1971); New Jersey Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 415 (App. Div. 1997) ("New Jersey courts take a broad and liberal approach to standing."). Furthermore, futility would not matter because the Third Circuit and this Court have both made clear that remand is mandatory even if "futile".

### B. Defendants' Remaining Arguments Do Not Establish That Dismissal Rather Than Remand Is Appropriate

Defendants' position that remand is inappropriate because a state court would have to apply federal law is meritless and, not surprisingly, supported by zero case law. Defendants' argument that a state court could interpret FACTA differently and award damages does not further their argument that dismissal rather than remand is appropriate because it admits that Plaintiff's claim is not futile, and furthermore their insinuation that state courts are not competent to adjudicate federal matters like FACTA claims is meritless having been rejected by the United States Supreme Court. *See* Tafflin v. Levitt, 493 U.S. 455, 458-59 (1990) ("[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.").

6

In arguing that Six Flags motion to dismiss should be denied as moot, Plaintiff seeks the same relief that Your Honor granted in Brahamsha. Defendants attempt to distinguish this Court's previous Brahamsha decision on the basis that in that matter the plaintiff only pled a technical violation of the statute at issue whereas in this matter, Plaintiff pleads injury in the complaint (see ECF No. 14 p. 13). This argument is wrong because whether a plaintiff pleads only a technical violation of a statute or attempts to plead injury is irrelevant once there is a finding that standing does not exist.

Moreover, Defendants fail to distinguish the Parker v. J. Crew Group, Inc., 2017 WL 6892919 (D.N.J. Dec. 8, 2017) case cited in Plaintiff's Motion for Remand. In Parker, Judge Falk was faced with an essentially identical issue as the one before this Court. In Parker, the plaintiff sued J. Crew Group, Inc. for violating FACTA by not truncating plaintiff's credit card number on transaction receipts. As previously noted, Mr. Katz is suing Six Flags for the exact same violations of FACTA that were alleged by the plaintiff in Parker. The plaintiff in Parker filed in state court and J. Crew Group, Inc. removed the matter to federal court and then filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. In response, the plaintiff filed a motion for remand to the state court.

Judge Falk's report and recommendation, which was adopted fully by Judge Martini (See Parker v. J. Crew Group Inc., 2018 WL 385033 (D.N.J. Jan. 11, 2018)) held that the plaintiff did not establish Article III standing. After holding that the Court did not have jurisdiction over the plaintiff's FACTA claim, Judge Falk recommended remand of the matter to the state court. Judge Falk noted that clear Third Circuit Court of Appeals precedent requires mandatory remand stating, "Upon a determination that a federal court lacks subject matter jurisdiction over a particular case, 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was

removed." See Bromwell v. Michigan Mutual Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997). This Court should do the same and remand as required.

Six Flags arguments regarding Black v. Main St. Acquisition Corp., 2013 WL 1295854 (N.D.N.Y Mar. 27, 2013) being inapplicable to this situation are incorrect. In Black, the defendant moved for summary judgment arguing that the plaintiff lacked Article III standing. Six Flags' Opposition makes it seem like the court in Black ruled on the substantive merits of the defendant's summary judgment motion first before finding that standing was lacking. That is not what happened in Black. The Court in Black reviewed the issue of standing and *sua sponte* remanded the matter back to the state court it was removed from and denied the summary judgment motion as moot because standing had not been established. Like the summary judgment motion in Black, this Court should deny Defendants' motion to dismiss as moot.

### C. Defendants Misrepresent the Clear and Unambiguous Meaning of FACTA Violations.

As a final matter, Defendants' argument that "it would be contrary to Congressional intent and public policy to permit Plaintiff to pursue hundreds of millions or billions of dollars in statutory damages where he cannot possible suffer any harm" (Doc 14, p. 2) does not show that dismissal rather than remand is appropriate. FACTA provides for statutory damages to effected individuals and additionally does not cap damages in class actions unlike other statues such as the Fair Debt Collection Practices Act. This is the way Congress drafted the statute. The statute does not require a plaintiff to sit and wait for identity theft to bring an action. A plain reading of the law makes it clear, it says:

> "…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

15 U.S.C. § 1681c(g)(1).

Congress' debate on the law made it abundantly clear that a failure to truncate by itself a violation of the statute. The purpose of FACTA is "to prohibit retailers from printing the expiration date and more than the last five digits of a consumer's credit or debit card number on electronic receipts." Rep. Steny Hoyer 149 Cong. Rec. H8122-02, 149 Cong. Rec. H8122-02, H8130, 2003 WL 22097591, 23. Rep. Tim Mahoney added, "I would like point out that experts agree that the truncation of the card number, by itself, regardless of whether or not the expiration date was redacted from the receipt, removes the single most crucial piece of information that a criminal would need to perpetrate account fraud." Rep. Tim Mahoney, 154 Cong. Rec. H00000-29, 154 Cong. Rec. H00000-29, H3730, 2008 WL 2038627. "Truncating the account number is sufficient in almost every instance to protect consumers against identity theft and credit card fraud. . ." Rep. Spencer Bachus, 154 Cong. Rec. H00000-29, 154 Cong. Rec. H00000-29, H3732, 2008 WL 2038627.

Defendants' above argument is more akin to a constitutional challenge to FACTA itself or a constitutional challenge to the damages structure contained in FACTA. Defendants state that Plaintiff runs "no risk of his payment card information being compromised through the inclusion of this information." (Doc. 14, p. 7). This naïve presumption is clearly one Congress did not adopt. Members of Congress made it clear through their own fact finding, testimony and bill drafting that without the prescribed truncation, consumers were at risk and are permitted to bring an action solely due to the undisputed publication of the numbers in this matter. However, this argument is not an argument that in any way demonstrates that dismissal of this matter rather than remand is appropriate, and not surprisingly Defendants cite to no case law in support of their arguments.

## CONCLUSION

For the reasons discussed above, this Court should reject the arguments Defendants make in their Opposition and enter an order (1) remanding this case to the Superior Court of New Jersey,

Ocean County; (2) denying Defendants' Motion to Dismiss as moot; and (3) granting such further relief as this Court deems just and proper.

Dated: Floral Park, New York
       February 26, 2018

                                  By: /s/ Ryan Gentile
                                       Ryan Gentile, Esq.
                                       110 Jericho Turnpike - Suite 100
                                       Floral Park, NY 11001
                                       Tel: (201) 873-7675
                                       Fax: (212) 675-4367
                                       rlg@lawgmf.com